GREEN, J.
delivered the opinion of the court.
This is a petition filed in the county court of Montgomery county, putting in issue the will of Gully Moore, deceased. After a trial in the county court, the cause was taken to the circuit court by appeal. On the trial in the circuit court, the petitioners offered to prove that James Langford, a devisee in the will, acknowledged that undue influence was exercised to induce the making of the will, and that forged letters were read to the testator by the devisees, before the making of the will, to exasperate him against his other children, who are disinherited. But the court rejected this testimony as incompetent.
The court is of opinion this testimony was improperly rejected. Although not a party on the record, yet James Langford is a party in interest, and the judgment in the cause will avail to establish his right to the two negroes devised to him in the will, or to deprive him of all claim to them. The suit is for his use, and the establishment of the will would result in a direct benefit to him. His admissions of a material fact ought therefore to have been received as evidence. 2 Starkie, 40: 1 Saund. 60.
But it is said there are others having larger interests involved in support of the will than James Langford, and that were his declarations to be received, their interests might be affected injuriously; whereas, the devisee making the declaration, would probably have an interest in breaking the will. If this were true, it would be calculated to destroy the credit of the party making the admissions. But here James Langford is interested in establishing the will; for being a grandson of the testator, and his father and mother being alive, the setting aside the' will would strip him of all interest in the estate. The argument on this point, by the counsel for the petitioners, is irresistible. If they had been able to prove by a witness that William Moore had made a like admission, *278 and by another, that Mrs. Moore had confessed the same facts, they would have had proof that all the principal legatees had confesssed that the will was obtained by fraud, and yet, upon the principle assumed in relation to Langford’s confessions, none of this testimony could have been heard. And why? Simply because all the facts known to these three witnesses, were not within the knowledge of any one of them. This would be absurd, and contrary to all principle. Whether the will can be good as to some of the devisees and no will as to others, it is not necessary to decide; but if, as the counsel for the devisees insist, it can be good in part, and bad in part, all pretence for excluding James Langford’s confessions is done away; for if, as to the devise in his favor, the will may be set aside, and stand as to the others, surely his confessions maybe evidence against himself.
The proof is, that the testator had long spoken of his intention to give his estate to his son, William Moore, and of excluding those who are disinherited from any participation in his estate. In view of this proof, the Judge told the jury, in substance, that if any influence were exercised to induce the testator to make this will, the petitioners had no right to complain unless they were injured thereby. This charge, in connexion with the proof, must have been understood by'the jury, (and is understood by the counsel on both sides here,) as asserting that, if from the proof, it appeared to have been the testator’s intention to disinherit the petitioners, any influence, however corrupt or injurious to others who are not complaining, could not have injured them, and that therefore they have no right to complain. In this charge we are of opinion the court below erred. These petitioners are heirs at law, and distributees of the testator, and had he died without a will they would have inherited part of his estate. To procure the making a will, then, in which they are not provided for, cannot be said to have done them no injury, how strongly soever the testator might *279 have determined not to provide for them. Again, the petitioners are the children of the testator, and might possibly have explained the circumstances which had alienated the feelings of their father, and-have reconciled him to them, had there been no influence adverse to such a state of things. They might too, lawfully, have represented to him their claims on his bounty, as his children, and by persuasions and entreaties, might possibly have produced a change in his feelings and views in relation to them. While any possibility of such a state of'things existed, it cannot be- said that an influence calculated to prevent it was not injurious to them.
Although the principle assumed by the Judge, that fraud without damage gives no cause of action, be abstractly true, yet there is certainly no ground for its application to this case; its statement in the charge to the jury, must have had a mischievous tendency, in leading the minds of the jury to consider the exclusion of the petitioners from any share of the testator’s estate, as having been fixed, because he had declared such to be his purpose, and consequently, as leading to the conclusion that the petitioners had no interest in calling in question the alleged fraud of the legatees.
As another jury must pass upon the facts of this case, the court forbear any intimation of an opinion upon its merits. Let the judgment be reversed and the cause remanded for another trial.
Judgment reversed.